**Morris JOHNSON and Dorothy Johnson, Appellants,**

v.

**AMERICAN FEDERATION OF MUSICIANS, an unincorporated labor organization, et al., Appellees.**

No. 13574.

United States Court of Appeals District of Columbia Circuit.

Argued March 28, 1957.

Decided Aug. 14, 1957.

Mr. Edward J. Skeens, Washington, D. C., for appellants.

Mr. Eugene Gressman, Washington, D. C., with whom Messrs. Henry Kaiser and Hyman Smollar, Washington, D. C., were on the brief, for appellees.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from the District Court's grant of a motion for a directed verdict for appellees at the close of appellants' case. The issue therefore is whether substantial evidence had been offered in support of appellants' complaint, requiring submission of the case to the jury. The complaint alleged (1) unlawful interference with appellants' right to make leases of realty; (2) imposition of an unlawful boycott against appellants' realty by means of a combination and conspiracy in violation of the Sherman Act, 15 U.S.C.A. §§ 1-7, 15 note; (3) libel of appellants and their property by an illegal listing on the appellee American Federation of Musicians' "National Defaulters List."

These separate contentions of the appellants merge on this appeal into a single concept that a labor organization is not engaged in a legitimate union activity and, by implication, on the contrary, engages in an unlawful activity,

when it maintains, publishes and enforces a "blacklist" which operates to prevent members from doing business with listed establishments, particularly when that sanction is permitted to operate against the *owner* of the establishment rather than the *lessees* who contracted for entertainers' services and failed to pay for them.

The record shows that appellants, as owners of certain realty, were also owners of a trade name "Club Bengazi" descriptive of the activities carried on in these premises by various lessees. Appellants leased the realty and the right to use the name "Club Bengazi" to various lessees. The several lessees from time to time employed the services of members of the appellee unions and it is conceded that former lessees of appellants failed to pay the wages of certain members of the Federation. At the time suit was commenced several thousands of dollars in wages admittedly due were outstanding.

As a means of enforcing collection of wages, among other things, the American Federation of Musicians employs what amounts to a "blacklisting" of defaulting employers to warn union members against taking employment from "defaulters." It appears from this record that the union considers "an establishment * * * liable for indebtedness to [its] members regardless of the fact that a new operator may take over after the original default."[1] A union member who accepts employment from a defaulting establishment or operator is subject to union discipline. No procedure is established by the union for placing a "defaulter" on this list or removing him if he makes good an admitted default. The entire process is within union control and no hearings or other steps are provided.

The default of appellants' lessees led to a listing of "Club Bengazi" on the Federation's "National Defaulters List" from 1948 to the time of trial except for a short interval when the listing was suspended. The essence of appellants' complaint is that the "blacklisting" effectively prevents leasing "Club Bengazi" and the premises associated with that name.

The appellants' evidence in the District Court did not show loss of any particular lease or lessee because of the listing. Appellant argues that prospective or potential lessees were dissuaded from serious consideration of a lease because the listing precluded employment of any union musicians or entertainers. However, there is no showing that a night club could not be operated with entertainers and musicians not members of the appellee unions.

On this record it seems clear that the appellants failed to sustain the burden of proving at least one of the essentials of their case, i. e., that the actions of appellees or any of them caused ascertainable loss and damage. Absent proof of damage we need not pass upon the conduct complained of in the complaint. The action of the District Court directing a verdict in favor of the appellees is therefore

Affirmed.

---

1. The union so advised appellants, adding that: "In order for the establishment to be removed from the Defaulters List arrangements have to be made for payment of such indebtedness."